United States District Court
for the District of Massachusetts

Daniel Boucicault Jr
A76490825
        Petitioner,

        v.                                  Civ No _____

Bruce Chadbourne, Interim
field officer Director for detention
and Removal, Boston field office,
Bureau of Immigration and
Customs Enforcement; the
Bureau of Immigration and          Petition for a writ of
Customs Enforcement; and           Habeas Corpus
Plymouth County Correctional
Facility, Joseph F. McDonough:
Sheriff
        Respondents

Petition for Writ of Habeas Corpus Pursuant to 28 USC 2241

        Petitioner, Daniel Boucicault Jr, Hereby petitions this court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for injunctive relief, petitioner alleges as follows:

Page 1 of 12

## Parties

1. Petitioner Daniel Baucicault Jr. was a lawful permanent resident of the United States, and a native and a citizen of Haiti. Mr. Baucicault was ordered deported on February 10, 2004, and was taken into Immigration custody on October 10, 2001. He has been detained by the Bureau of Immigration and Customs Enforcement (ICE) for over three years.

2. Respondent John D. Ashcroft is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the immigration laws. As such, he is the ultimate legal custodian of the Petitioner.

3. Respondent Bruce Chadbourne is the Interim Field Officer Director for Detention and Removal, Boston field office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

4. Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

5. Respondent Joseph F. Mc.Donough is the Sheriff for Plymouth County Correctional Facility

Because ICE contracts with the state prisons such as Plymouth County Correctional Facility to house immigration detainees such as Petitioner, he has immediate custody of the Petitioner.

## Custody

6. Petitioner is detained at the Plymouth County Correctional Facility in Plymouth Massachusetts. ICE has contracted with the Plymouth County Correctional Facility to house immigration detainees such as Mr. Boccicault. Petioner was previously detained at the Bristol County, Norfolk County, located in Massachusetts. Which also contracted with ICE to house immigration detainees. Petitioner is under the direct control of Respondents and their agents.

## Jurisdiction

7. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C § 701 et seq. This court has jurisdiction under 28 U.S.C. § 2241, art. 1 § 9, cl 2 of the United States

Constitution ("Suspension Clause"), and 28 U.S.C. 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001)

## Venue

8. Venues lies in the District of Massachusetts because Daniel Baucicault Jr is currently being detained at Plymouth County Correctional Facility. Venue in the District of Massachusetts is also proper because petitioner is in the custody of Respondent Bruce Chadbourne, Interim Field Officer Director of this District, which encompasses Plymouth County. 28 U.S.C. § 1391.

## Exhaustion of Remedies

9. Petioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R § 241.4. Petitioner was ordered deported on Feb. 10, 2004 and was taken into ICE custody on Oct. 10, 2001.

At his "90 days" custody review on or about September 24, ICE decided to continue his detention. The custody regulations do not provide for appeal from HPQDU custody review decision. See 8.C.F.R § 241.4(d)

## Statement of Facts

10. Petitioner, Daniel Baucicault Jr, was born in Haiti on October 28, 1979. Petitioner came to the United States on or about 1990. Petitioner became a legal permanent resident on Dec. 12, 1997. On December 16, 2000, Daniel Baucicault Jr was convicted of assault and battery in Massachusetts and sentenced to a term of 1 year. On October 10, 2001, ICE charged Daniel Baucicault with being deportable for an aggravated felony under Immigration laws. He was ordered removed to Haiti by the Immigration judge on Feb. 10, 2004. He did appeal the decision of the IJ and the appeal was denied on June 29, 2004. ICE first reviewed Daniel Baucicault detention status on or about September 24 after the 90 days removal period pursuant to Post-Order Custody Review procedures at 8.C.F.R § 241.4. In a letter dated September 28, 2004 ICE denied Daniel Baucicault Jr request for release stating no reason for the denial. See Ex. 1

11. To Petitioner's Knowledge the government of Haiti has not issued travel documents for him, because of the civil war, and the country doesn't have a government.

Page 5 of 12

Indeed, neither ICE nor Haiti have provided any indication that Haiti would accept petitioner in the reasonably foreseeable future.

### Legal Framework for relief Sought

12. In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6) when "read in light of the Constitution's demands, limited an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." Id., 121 S.Ct. at 2498. A "habeas court must first ask whether the detention in question exceeds a period reasonably foreseeable," the Court should hold continued detention unreasonable and no longer authorized by statute". Id.

13. In determing the length of a reasonable removal period, the court adopted a presumptively reasonable period of detention" of six months. Id. at 2504. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" see Zhou v Farquharson 2001 U.S. Dist. LEXIS 18239 *2-*3 (D. Mass. Oct. 19, 2001) (quoting and summarizing Zadvydas). Moreover, "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 121 S.Ct. at 2505.

ICE's administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. See 8. C.F.R. § 241.4(K)(2)(iii).

14. Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the government's burden to establish that an alien petitioner will be deported within the reasonably foreseeable future. See Thompson v. INS, 2002 U.S. Dist. LEXIS 23936 (E.D. La. September 16, 2002) (government failed to show that alien's deportation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel documents that INS and the petitioner had requested); Kaconic v. Elwood, 2001 U.S. Dist. LEXIS 21848 at *14 (E.D. Penn. November 8, 2002) (government's reliance on data concerning removals of other aliens to Yugoslavia did not satisfy Zadvydas because government failed to give information about the number of aliens that were denied travel papers and did not provide individualized information about the removed aliens that would allow "a meaningful comparison" of the removed aliens to the petitioner); Ablahad v. Ashcroft, 2002 U.S. Dist. LEXIS 17405 at *4 (N.D. Ill. September 6, 2002) (evidence that aliens have been deported to petitioner's country is not sufficient enough to carry the

government's burden under <u>Zadvydas</u>. Rather, for the government to meet its burden of showing that a alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual petitioner's case. Compare <u>Thompson</u>, <u>Kacanic</u>, and <u>Ablahad</u> with <u>Khan v. Fasano</u>, 194 F. Supp. 2d 1134 (S.D. Cal. 2001) (eight month detention following final order was not unreasonable where INS requested travel documents for petitioner, Pakistani Consulate indicated that petitioner's travel document application had been forwarded to the appropriate ministry, INS had successfully repatriated 476 Pakistani nationals during 2001, suggesting that there were no "institutional barriers" to successful repatriation, and a meeting was scheduled with Pakistani government to discuss petitioner's case).

15. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree the particular individual in question. See <u>Agbada v. John Ascroft</u>, 2002 U.S. Dist. LEXIS 15797 (D. Mass. August 22, 2002) ("court will likely grant" habeas petition after fourteen months if ICE "is unable to present document confirmation that the Nigerian government has agreed to petitioner's repatriation") <u>Zhou</u>, 2001 U.S. Dist LEXIS 18239 (ordering that the writ of habeas corpus issue within 60 days, given petitioner's 13 month detention and the INS's inability to assure the court that the paperwork from china was on its way)

Abdu v. Ashcroft, 2002 U.S. Dist. LEXIS 19050 at *7 (W.D. Wash. February 28, 2002)(government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future); Kacanic, 2001 U.S. Dist. LEXIS 21848 (where alien had been detained over one year, lack of a definitive answer from foreign embassy as to issuance of travel documents - or any indication that a definitive answer was likely -- showed that removal was not reasonably foreseeable); Mohamed v. Ashcroft, 2002 U.S. Dist. LEXIS 16179 at *7 (W.D. Wash. April 15, 2002) (granting writ of habeas where lack of definite answer from the foreign consulate indicated that no removal was likely in the reasonably foreseeable future).

## CLAIMS FOR RELIEF
## COUNT ONE
## STATUTORY VIOLATION

16. Petitioner re-alleges and incorporates by reference paragraphs 1 through 15 above.

17. Petitioner's continued detention by the Respondents violates INA § 241(a)(6), as interpreted in Zadvydas. Petitioner's six-month presumptively reasonable period for continued removal efforts passed a week ago. For the reasons

for the reasons outlined above in paragraphs 1-15, Petitioner's removal to Haiti is not reasonably foreseeable. The Supreme Court held in *Zadvydas* that the continued detention of someone after six months where deportation is not reasonably foreseeable is unreasonable and in violation of INA § 241.

## Count Two
## SUBSTANTIVE DUE PROCESS VIOLATION

Petitioner re-alleges and incorporates by reference paragraphs 1-15 above.

Petitioner's continued detention violates his right to Substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Daniel Boucicault JR cannot be deported. The Supreme Court in *Zadvydas* thus interpreted INA § 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest -- to effect the alien's removal.

## Count Three
### PROCEDURAL DUE Process violation

Petitioner re-alleges and incorporates by reference paragraphs 1-15 above.

Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates <u>Zadvydas</u>.

### Prayer for Relief

Wherefore, Petitioner prays that this court grant the following relief:

1.) Assume jurisdiction over this matter;
2.) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the petitioner from custody;
3.) Order Respondents to refrain from transferring the petitioner out of the jurisdiction of ICE Boston District Director during the pendency of these proceedings and while the petitioner remains in Respondent's custody; and
4.) Grant any other and further relief which this Court deems and proper

I affirm, under penalty of perjury, that the foregoing is true and correct. Respectfully submitted this

*[signature]*

Daniel Boucicault Sr
Pro Se
Plymouth County Correctional Facility
26 Long Pond RD
Plymouth, MA 02360

## Certificate of Service

I, Daniel Baocicault, certify that a true copy of the above document (Petition for Writ of Habeas Corpus) together with attached documents, was served on upon the following:

Frank Crowley
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

by placing a copy of the above in the mail system at the facility where I am detained.

Dec. 29, 2004

I, Daniel Baucicault, Jr. Petitioner. Requesting that this court grant an "order on application to proceed without prepayment of fee's under 28 U.S.C. § 1915.

1. I certify that I am indigant and without assets.

2. I certify that my financial status is unchanged since Oct 29, 2004. When I applied for and received this consideration. See Civil Action NO 04-11837-DPW. Oct. 29, 2004. United States District Judge Douglas P. Woodlock

I Thank you in advance for your prompt attention to this matter.

Sincerely yours,

[signature]

Pro-se





**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

**BAUCICAULT, Daniel A76490825**
C/O PLYMOUTH COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native and citizen of Haiti who entered the United States on an unknown date at an unknown place without inspection. On June 29, 2004 your appeal was dismissed by the Board of Immigration appeals.

Subsequent to receipt of you final order of removal ICE has been making attempts to repatriate you by requesting the Government of Haiti to approve your case for final removals. The Government of Haiti regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 12-29-04 Jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

Bruce E. Chadbourne
Field Office Director

10-04-04
Date