```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


DANIEL BAUCICAULT, Jr.,      )
                             )
         Petitioner,         )
                             )
     v.                      ) C.A. No. 05-10041-DPW
                             )
IMMIGRATION                  )
AND CUSTOMS ENFORCEMENT,     )
ET AL.,                      )
                             )
         Respondents.        )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Petitioner Daniel Baucicault, Jr. shall file An Application to Proceed Without Prepayment of Fees, or he shall pay the filing fee. Additionally, the Petition for habeas relief pursuant to 28 U.S.C. §2241 shall be served, by separate order, on the Respondent Department of Homeland Security, Immigration and Customs Enforcement (ICE), and also on the Petitioner's custodian, Joseph McDonough, Sheriff, Plymouth County Correctional Facility. Respondents shall be directed by separate Order to file a response to the Petition.

BACKGROUND

On January 3, 2005, Daniel Baucicault, an immigration detainee at the Plymouth County Correctional Facility in Plymouth, Massachusetts filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 complaining of prolonged detention and seeking injunctive relief to remedy his unlawful detention, pursuant to the Supreme Court's decision in Zadvydas

v. Davis, 533 U.S. 678 (2001)[1].

Baucicault claims he was taken into ICE custody on October 10, 2001 and has been detained by ICE for over three years. An Order of Removal to Haiti issued on February 10, 2004[2]. Baucicault claims to have exhausted all administrative avenues for relief.

Petitioner did not submit the filing fee for this action or an application to waive prepayment of the filing fee.

## ANALYSIS

### I. Baucicault must pay the Filing Fee or seek a Waiver

A party filing an action in this Court must either (1)

---

[1] Petitioner has previously filed habeas petitions challenging both his underlying conviction and his removal. On December 16, 2004, Petitioner filed a self-prepared habeas petition, challenging his state court conviction in June 2001 for assault and battery with a dangerous weapon. See 04-12681-JLT Judge Tauro entered a Memorandum and Order directing the Petitioner to submit financial information to determine in forma pauperis status, and also to file an amended habeas petition form.

That petition came upon the heels of a decision issued by this Court in C.A. 04-11837-DPW in connection with Baucicault's prior habeas petition pursuant to 28 U.S.C. §2241 in which he sought an Emergency Stay of Removal. On October 29, 2004, this Court denied petitioner's motion on the grounds, *inter alia*, that an alien cannot challenge his expired state conviction forming the basis for removal, in a habeas proceeding.

[2] Upon inquiry by the Court into Petitioner's removal status, ICE has advised that Petitioner is scheduled to be sent to York Pennsylvania shortly, to be interviewed by the Haitian consulate, but it appears that his actual removal would not be likely to occur for several months following the interview process, while ICE awaits action by the Haitian government.

pay the filing fee ($150.00 for civil actions; $5 for petitions for writs of habeas corpus); or (2) if he or she lacks sufficient funds to pay the filing fee, submit an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee. Because Baucicault has not submitted the filing fee or an application to proceed without prepayment of the filing fee, he will be granted additional time to do so.

   II.  Prolonged Detention claim

The thrust of Baucicault's claim appears to be that his current detention is in contravention of the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court held that after a reasonable post-removal period of 6-months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Zadvydas, 533 U.S. at 701.

Based on Baucicault's assertion that he has been in ICE custody under a removal order since February 2004, it appears that more than six months have elapsed, and Baucicault's prolonged detention might therefore be presumptively

3

unreasonable. It also appears that his removal in the reasonably foreseeable future is not likely (see footnote 2). Accordingly, the Respondents shall be directed, by separate Order, to respond to Baucicault's petition, demonstrating sufficient evidence to rebut the showing by the Petitioner, and suggesting alternative remedies for relief, if any exist in the Respondents' view.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Petitioner shall be given forty-two (42) days to either pay the $5.00 filing fee levied on habeas petitions, or alternatively, he shall file a completed Application to Proceed *in forma pauperis*.

2. By separate Order, the Respondents shall be required to file a response to Baucicault's petition.

SO ORDERED.


<u>January 10, 2005</u>           <u>/s/Douglas P. Woodlock</u>
DATE                              DOUGLAS P. WOODLOCK
                                  UNITED STATES DISTRICT JUDGE