UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL BAUCICAULT, JR, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 05cv10041-DPW |
| ) | |
| IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, ET AL., ) | |
| ) | |
| ) | |
| Respondents[1] ) | |

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Haiti presently detained by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security ("ICE") pending execution of his final order of removal.[2] His petition to this Court asserts prolonged post-order detention in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001). Petitioner does not challenge the validity or enforceability of his final order of removal, but only his continuing detention, because he says "neither ICE nor Haiti have provided any

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

indication that Haiti would accept petitioner in the reasonably foreseeable future." Petition for Writ of Habeas Corpus ("Petition"), p.6.

However, because petitioner's removal has now been scheduled for **February 28, 2005**, execution of the removal order and petitioner's consequent release from custody are now "reasonably foreseeable". See Attachment A, DECLARATION OF CHIEF IMMIGRATION ENFORCEMENT AGENT JAMES BROWN.

Accordingly the case should be dismissed for failure to state a claim upon which relief may be granted.

## ARGUMENT

I.  BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **FEBRUARY 28, 2005**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of removal, nor the enforceability of it. Rather, he complains about the length of his detention by ICE awaiting the completion of necessary arrangements for his removal. However, because petitioner's removal is now scheduled for a later this month (**FEBRUARY 28, 2005**), petitioner fails to state a colorable claim of unlawful detention. See Attachment A, DECLARATION OF CHIEF IMMIGRATION ENFORCEMENT AGENT JAMES BROWN.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491

---

[2] Petitioner's final administrative order of removal was entered on June 29, 2004. Petition for Writ of Habeas Corpus, p.5.

(2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), aff'd 341 F.3d 853 (9th Cir. 2003), even where post-order

3

detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the necessary travel authorizations have now been received, and petitioner is now scheduled for removal to Haiti on a special United States government flight later this month, on **FEBRUARY 28, 2005**. <u>See</u> Attachment A, p.2, ¶4. Accordingly, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future" and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's removal scheduled for **FEBRUARY 28, 2005**, and advises of the necessity that petitioner be transported to an intermediate staging area in the United States three weeks from now preparatory to his removal to Haiti on **FEBRUARY 28, 2005**.

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on February 1, 2005.

     s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114

**ATTACHMENT A**

## DECLARATION OF CHIEF IMMIGRATION
## ENFORCEMENT AGENT JAMES BROWN

Pursuant to the authority of 28 U.S.C. § 1746, I, JAMES BROWN, Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE"), declare as follows:

1. I am the Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE").

2. Included in my official duties as a Chief Immigration Enforcement Agent is the responsibility for supervising and monitoring the execution of orders of removal and deportation. This responsibility relates to the process of confirming the existence of the necessary authorizations, or "travel documents", issued by foreign governments for the return of removable aliens to their respective home countries, and to the process of confirming the scheduling of the execution of removal orders by aircraft.

3. As a Chief Immigration Enforcement Agent in Boston, I am generally familiar with the process for travel document issuance by the various foreign governments, and with the day to day mechanisms of scheduling execution of and executing removal orders.

4. At the request of Special Assistant United States Attorney Frank Crowley, I have examined the administrative records available to me of efforts to enforce the final administrative removal order in the case of DANIEL BAUCICAULT, JR., Administrative File No. A76 490 825. Upon review of the records available to me as a Chief Immigration Enforcement Agent, I confirm that DANIEL BAUCICAULT, JR. has now been scheduled for removal on a specially chartered governmental (United States) Justice Prisoner and Alien Transportation System ("JPATS") flight **on February 28, 2005.**

5. Based upon my experience generally as a Chief Immigration Enforcement Agent in Boston, Massachusetts, and upon my review of and familiarity with the specific arrangements being made to effect the removal of removable aliens back to Haiti by JPATS flight, it is my full expectation that DANIEL BAUCICAULT, JR. will be removed as scheduled to Haiti **on February 28, 2005,** and that there is therefore certainly at least a substantial likelihood of the same occurring.

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on: 2/1/05
Date

Signature

JAMES BROWN
Chief Immigration
Enforcement Agent
U.S. Dept. Homeland Security
Bureau of Immigration & Customs
Enforcement
Boston, Massachusetts